FILED
SUPERIOR COURT
OF GUAM

2014 NOV -6 AM 9: 33

CLERK OF COURT
BY: _____



# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **RICHARD A. SHARROCK and CHRISTINA M. SHARROCK** | ) Case No. CV 1131-07 |
| Plaintiffs, | ) |
| | ) |
| vs. | ) **DECISION AND ORDER** |
| | ) |
| **QUINTEN M. McCOY, PACIFIC INDEMNITY INSURANCE COMPANY, and DOE DEFENDANTS 1-10,** | ) **PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AND DEFENDANT'S MOTION TO DISMISS** |
| Defendants. | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on August 12, 2014 on Plaintiffs' Motion for Reconsideration of the Decision and Order Granting Defendants' Motion to Enforce Settlement. The Court also heard oral arguments on Defendant's Motion to Dismiss on July 1, 2014. Attorney Wayson W.S. Wong represented the Plaintiffs and Attorney Joyce C.H. Tang represented the Defendants. Having considered the parties' arguments and the applicable law, the Court now issues its Decision and Order **DENYING** Plaintiffs' Motion for Reconsideration of the

Page 1
CV 1131-07: Sharrock and Sharrock v. McCoy, Pacific Indemnity Ins. Co.
Pl's. Mot. to Reconsider & Def's. Mot. to Dismiss.

Decision and Order Granting Defendants' Motion to Enforce Settlement and **GRANTING** Defendants' Motion to Dismiss.

## BACKGROUND

The Court incorporates background information contained in its February 13, 2014 Decision and Order as follows: On October 5, 2005, Richard Sharrock was injured when the automobile in which he was traveling on Route 1, Naval Base, Guam, collided with an automobile owned and driven by an off-duty sailor, Quinten McCoy. On October 4, 2007, Mr. Sharrock and his wife, Christina, brought suit against Mr. McCoy and his insurer, Pacific Indemnity Insurance Company. In their Complaint, Plaintiffs allege that Defendant McCoy negligently caused the collision and is liable for Plaintiffs' injuries and damages. (Compl. ¶¶ 10-14, 16-17.) Plaintiffs further claim that, "[p]ursuant to 18 G.C.A. § 18305, [P]laintiffs are entitled to maintain this direct action against Pacific Indemnity and to recover from it for their injuries and damages, up to the applicable policy limits." (Compl. ¶¶ 19-22.) On June 25, 2008, Defendants offered a settlement in the amount of the policy limit, $25,000. (Def. Mem. Tang Decl. Ex. 1.)

Plaintiffs also brought suit in United States District Court for the District of Guam against the United States on a theory of respondeat superior. On November 20, 2008, the parties stipulated to a stay of Superior Court proceedings because the outcome of Plaintiffs' federal action bore on the instant matter. From 2009 through 2012, this Court repeatedly granted continuances at the request of Defendants' counsel due to the pendency of the federal matter; Plaintiffs' counsel rarely appeared for these hearings. On June 3, 2010, the District Court granted summary judgment for the government, and on March 14, 2012, the Ninth Circuit affirmed. Sharrock v. United States, 2010 WL 2278580 (D.Guam 2010), aff'd, 673 F.3d 1117 (9th Cir. 2012) (holding that a servicemember

Page 2
CV 1131-07: Sharrock and Sharrock v. McCoy, Pacific Indemnity Ins. Co.
Pl's. Mot. to Reconsider & Def's. Mot. to Dismiss.

en route to participation in a recreational activity, where participation is encouraged but not required by the Navy, is not acting in the line of duty).

On December 26, 2012 and January 30, 2013, Defendants' counsel informed the Court that the case had settled. Plaintiffs' counsel was not present at either of these hearings. On February 26, 2013, however, Plaintiffs' counsel denied that the parties reached a settlement and cited Defendants' refusal to provide certain releases as the reason the parties failed to settle; he further indicated that the matter would proceed to trial. Defendants' counsel reiterated that the matter settled.

Defendants filed a Motion to Enforce Settlement on October 17, 2013, Plaintiffs filed an Opposition on November 4, 2013, and Defendants filed a Reply on November 8, 2013. The parties submitted declarations and exhibits in support of their motions. The Court heard oral argument on November 19, 2013, and issued its Decision and Order on February 13, 2014.

Plaintiff now moves the Court to reconsider the Court's February 13, 2014 Decision and Order. Likewise, Defendant moves the Court to dismiss the instant case based on the Court's earlier ruling, granting enforcement of the settlement agreement. The Court heard the matter on Defendant's Motion to Dismiss on July 1, 2014. Thereafter, the Court also requested the parties to submit supplemental briefing on Plaintiff's Motion to Reconsider. As a result, the parties came back to Court on August 12, 2014, and the Court took the matter under advisement on August 14, 2014, when all briefs were submitted.

## DISCUSSION

**Motion for Reconsideration**

In a motion for reconsideration, the Plaintiffs contend that the Court committed clear error by deciding and granting the Defendants' Motion to Enforce Settlement without holding a trial or

Page 3
CV 1131-07: Sharrock and Sharrock v. McCoy, Pacific Indemnity Ins. Co.
Pl's. Mot. to Reconsider & Def's. Mot. to Dismiss.

evidentiary hearing. (Pl. Mem. at 1; Pl. Reply at 6.) The Plaintiffs later re-characterized the motion as a Rule 60(b)(1) motion for relief from order to correct a mistake. (Pl. Supp. Mem. at 3). In the original motion memorandum, the Plaintiffs argue that there never was a settlement and that they presented plausible facts to so show, that a settlement could not have been heard without release of subrogation claims by the United States and by Takagi & Associates (Plaintiff Mr. Richard Sharrock's employer's liability insurer), and that the settlement offers that were made were rejected due to disagreement over terms and conditions. (Pl. Mem. at 2-5.) Further, the Plaintiffs characterized the Defendants' motion to enforce settlement as a motion for summary judgment wherein there was a disputed question of material fact, so as to dispute the Court's authority to resolve the Defendants' motion. (Pl. Mem. at 5-8.) That initial motion memorandum also distinguished Bath Junkie Branson, L.L.C. v. Bath Junkie, Inc., 528 F.3d 556 (8th Cir. 2008), disagreeing with the Court's reliance on the case's authority for the proposition that a court may resolve a motion to enforce settlement without an evidentiary hearing, and instead arguing that no evidentiary hearing is necessary only when neither the fact of settlement nor the settlement's material terms are disputed. (Pl. Mem. at 8-9.) The Plaintiffs looked to a line of California case law for the proposition that a contested attempt to enforce a settlement agreement could only be adjudicated as a motion for summary judgment, with the corresponding evidentiary standard. (See Pl. Mem. at 9-10.)

In response to this motion, the Court issued an order permitting supplemental briefing. Sharrock and Sharrock v. McCoy, Pacific Indemnity Ins. Co., CV 1131-07, Order (Super. Ct. Guam, July 24, 2014). The Defendants argued that the standard for summary judgment was inappropriate for a motion to enforce settlement, that courts have inherent power to summarily enforce a settlement agreement with respect to an action pending before it, and that Plaintiffs had

Page 4
CV 1131-07: Sharrock and Sharrock v. McCoy, Pacific Indemnity Ins. Co.
Pl's. Mot. to Reconsider & Def's. Mot. to Dismiss.

waived any right to an evidentiary hearing by not requesting it prior to enforcement of the settlement agreement. (Def. Mem. at 2-3).

At oral argument, the Court permitted Plaintiffs to file further briefing. In this additional Reply, Plaintiffs further laid out their factual contention that no settlement was executed, argued that courts only have the power to summarily enforce a settlement when its facts and terms are not in dispute, that when such facts are disputed an evidentiary hearing is necessary, and that waiver of an evidentiary hearing only occurs in cases without contested facts or issues of witness credibility. (Pl. Reply Mem. 2-6).

A settlement agreement is enforceable like any other binding contract and contract principles apply to its interpretation. Blas v. Cruz, 2009 Guam 12 ¶ 11; Leon Guerrero v. Moylan, 2000 Guam 28 ¶¶ 8-9. An oral settlement agreement may be enforced so long as the movant meets its burden to demonstrate the existence of the agreement. 18 G.C.A. § 86104. "Essential terms in the offer need only be reasonably certain" for a contract to be formed upon acceptance. Mobil Oil Guam, Inc. v. Tendido, 2004 Guam 7 ¶ 34.

The Plaintiff argues that the Defendant's motion to enforce settlement was really a motion for summary judgment, and in resolving that question of summary judgment the Court improperly weighed evidence regarding materially disputed questions of fact. (See Pl.'s Mem. 1-2.) The Plaintiff brings California case law to bear in support of this assertion. (See Pl.'s Mem. 9-10 (quoting Levy v. Superior Court, 896 P.2d 171 (Cal. 1995).) Prior to the passage of a reform statute, a majority of California Courts of Appeal, interpreting California civil procedure, viewed the proper procedure to enforce a settlement to be a motion for summary judgment, which could only be granted if no triable issue of fact was in dispute. Levy, 896 P.2d at 175. However, the Defendants are correct to note that the federal cases cited by the Plaintiffs for a similar proposition regard

Page 5
CV 1131-07: Sharrock and Sharrock v. McCoy, Pacific Indemnity Ins. Co.
Pl's. Mot. to Reconsider & Def's. Mot. to Dismiss.

motions for summary judgment and the procedures therein, rather than motions to enforce settlement. (Def. Mem. at 2.) The federal courts permit settlement enforcement by motion. See, e.g., U.S. v. Hardage, 982 F.2d 1491, 1496 (10th Cir. 1993). As Guam's rules of civil procedure are based on the Federal Rules, the Court is persuaded by the federal courts' interpretation.

Generally, an evidentiary hearing must be held upon request of a party if material facts concerning the existence or terms of an agreement to settle are in dispute. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987); Malave v. Carney Hosp., 170 F.3d 217, 219-21 (1st Cir. 1999); Wilson v. Wilson, 46 F.3d 660, 664 (7th Cir. 1995). In the case at bar, the Plaintiffs assert that material facts are in dispute, but did not request an evidentiary hearing prior to the Court's taking the Defendant's Motion to Enforce Settlement under consideration.

The Plaintiff presents case law to argue that even when a party did not request an evidentiary hearing, an appellate court will reverse and remand the disposition of a contested motion to enforce settlement, if disposed by the trial court without an evidentiary hearing. (See Pl. Reply Mem. 4-6 (discussing U.S. v. Hardage, 982 F.2d 1491, 1496 (10th Cir. 1993), and Massachusetts Cas. Ins. Co. v. Forman, 469 F.2d 259, 260 (5th Cir. 1972)).)

However, both Hardage and Forman are inapposite to the case at bar. In Hardage, the Tenth Circuit laid out the faults of the district court's procedure thus: "Because the court failed to receive sworn testimony, subject to cross-examination, or sworn affidavits or briefing on this formation [of the settlement agreement] issue, the district court did not have before it sufficient factual development to approve the settlement agreement." Hardage, 982 F.2d at 1497. Similarly, in Forman, the factual basis for the disposition was inadequate because of "[t]he meager record before the district court, consisting primarily of unsworn statements by opposing counsel." Forman, 469

Page 6
CV 1131-07: Sharrock and Sharrock v. McCoy, Pacific Indemnity Ins. Co.
Pl's. Mot. to Reconsider & Def's. Mot. to Dismiss.

F.2d at 260. Instead, the procedure must allow both parties "a full and fair opportunity to prove their version." Id. at 261.

In the Court's Decision and Order of February 13, 2014, the Court described the procedure it underwent thus:

> The parties thoroughly briefed and argued this matter. In particular, the parties supplied the Court with declarations from the principle actors in the settlement, including Defendants' three counsels, Plaintiff Richard A. Sharrock, and Plaintiffs' Counsel. The Court has considered the parties' assertions—as gleaned from court appearances, memoranda, declarations, and oral arguments on the instant motion—in conjunction with emails and letters from current and former counsel drafted throughout the pendency of the instant litigation as well as its federal counterpart.

Sharrock and Sharrock v. McCoy, Pacific Indemnity Ins. Co., CV 1131-07, Decision and Order 5, ll. 14-20 (Super. Ct. Guam, February 13, 2014). In contrast to relying on unsworn statements, the Court took testimony by declaration from the persons involved in the settlement. A court may take the testimony of a witness by affidavit or declaration. 6 G.C.A. §§ 4308, 7301; see also GRCP 43(e) (granting discretion to a court to hear a motion based on facts not of record on affidavits presented by the parties or by oral testimony or deposition). While there was no briefing in Hardage, this motion to enforce settlement was thoroughly briefed and argued. Hardage, 982 F.2d at 1497; Sharrock, Decision and Order 5, l. 14. The record upon which the Court made its decision was not meager, but included court appearances, memoranda, declarations, oral arguments, and emails and letters from current and former counsel. Sharrock, Decision and Order 5, ll. 16-20. On the basis of this extensive record, the Court found the key facts on the settlement question to be uncontroverted and dispositive. Id. at 6, l. 1.

The Plaintiffs argue that the issue of witness credibility requires live testimony and cross-examination. (See Pl. Mem. at 2; see Pl. Supp. Mem. at 3; see Pl. Reply Mem. at 2, 6.) However, the Court has had ample opportunity for live observation of the key witness for the Defendants, the

Page 7
CV 1131-07: Sharrock and Sharrock v. McCoy, Pacific Indemnity Ins. Co.
Pl's. Mot. to Reconsider & Def's. Mot. to Dismiss.

Defendants' counsel, and wrote the following on her credibility: "The Court further finds that Defendants' counsel was credible generally in her court appearances throughout the course of this matter and specifically when informing the Court of the settlement." Sharrock, Decision and Order 7, ll. 8-10. Further evidence in the form of live testimony and cross-examination would be superfluous.

The development of the factual record has been extensive. The heightened evidentiary standard appropriate to summary judgment is not applicable. No party requested a live evidentiary hearing prior to the initial grant of the motion to enforce settlement. Accordingly, the Court adopted the procedure of taking testimony by declaration. The Court found that the parties agreed to settle. An additional hearing would not provide new information useful to resolving the dispute. The Court did not commit a clear error of law by ruling on the Defendants' Motion to Enforce Settlement without taking testimony via a live evidentiary hearing.

**Motion to Dismiss**

Defendants move the Court to Dismiss the instant case with prejudice. In review of this matter, the Court finds that its February 13, 2014 Decision and Order to enforce the settlement agreement for policy limits of Twenty Five thousand dollars ($25,000.00) leaves no matter of controversy remaining for the Court to resolve. Defendants also represented to the Court that attempts on multiple occasions to tender payment of the agreed-upon settlement to Plaintiffs were made, however, Plaintiffs declined to accept. Accordingly, the Court GRANTS Defendants' Motion to Dismiss with prejudice and ORDERS Defendants to deposit settlement proceeds with the Court.

/ / /

/ / /

Page 8
CV 1131-07: Sharrock and Sharrock v. McCoy, Pacific Indemnity Ins. Co.
Pl's. Mot. to Reconsider & Def's. Mot. to Dismiss.

///

## CONCLUSION

By a preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Reconsideration and **GRANTS** Defendants' Motion to Dismiss with prejudice. Defendants are also permitted to deposit settlement proceeds with the Court.

**SO ORDERED** this ___*5*___ day of NOVEMBER, 2014.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:

*Ubyson W.S. Wong*
*Jere C.H. Tang*

Date: 11/6/14 Time: 10 A.M.

Deputy Clerk, Superior Court of Guam

Page 9
CV 1131-07: Sharrock and Sharrock v. McCoy, Pacific Indemnity Ins. Co.
Pl's. Mot. to Reconsider & Def's. Mot. to Dismiss.